UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIV VIG,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-05714-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO DISMISS, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 8, 11) |

This matter is before the court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 11.) For the reasons explained below, the petition will be granted.

On February 12, 2026, petitioner, proceeding through counsel, filed his first petition for writ of habeas corpus. *Vig v. Albarran, et al.*, 1:26-cv-01252-DAD-JDP (HC), Doc. No. 1 (Feb. 12, 2026). That same day, petitioner filed a motion for temporary restraining order. *Id.*, Doc. No. 6 (Feb. 12, 2026). On February 20, 2026, the court issued an order converting petitioner's motion for a temporary restraining order into a motion for a preliminary injunction, granted the motion, and ordered respondents to provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge ("IJ"). *Id.*, Doc. No. 10 (Feb. 20, 2026). On

March 2, 2026, petitioner was provided a bond hearing at which the IJ denied his request for release after finding him to pose a danger and a flight risk. *Id.*, Doc. No. 11 at 3 (Mar. 3, 2026). On April 20, 2026, petitioner filed a motion to amend his habeas petition before this court. *Id.*, Doc. No. 15-1 at 1–2 (Apr. 20, 2026). On July 13, 2026, the court issued an order adopting the assigned magistrate judge's findings and recommendations, dismissed the petition without prejudice, and denied petitioner's motion to amend his habeas petition. *Id.*, Doc. No. 22 (July 13, 2026).

On July 22, 2026, petitioner, proceeding through counsel, filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On August 10, 2026, respondent filed a motion to dismiss the petition, arguing that petitioner's second petition was successive and violated the abuse of the writ doctrine. (Doc. No. 8 at 2–3.)

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

Here, petitioner argues that his detention violates the Immigration and Nationality Act. (Doc. No. 1 at ¶¶ 25–31.) It is undisputed that petitioner originally entered the United States without inspection or admission in 2022. (*Id.* at ¶ 60.) In opposing the first petition, respondent represented that, when ICE detained petitioner in January 2026, it did so pursuant to 8 U.S.C. § 1225(b). 1:26-cv-01252-DAD-JDP (HC), Doc. No. 9 (Feb. 17, 2026). The Ninth Circuit has subsequently held that similarly situated noncitizens are plainly subject to discretionary detention pursuant to § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Although

petitioner raised a similar claim in the prior petition that this court denied without prejudice, the court concludes that failure to resolve petitioner's now asserted statutory claim would constitute a fundamental miscarriage of justice because he is clearly entitled to habeas relief pursuant to the Ninth Circuit's decision in *Rodriguez Vazquez*. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, (E.D. Cal. Aug. 10, 2026); *cf. Lobaina v. Chestnut*, No. 1:26-cv-04169-DJC-CKD, 2026 WL 2177090, at *1 (E.D. Cal. July 28, 2026) ("Petitioner did originally file a Petition in the Southern District of Florida that raised similar claims and was denied. However, the Court nevertheless finds that failure to entertain the present claim would result in a fundamental miscarriage of justice. Petitioner is plainly entitled to release for the reasons identified in the Court's prior orders."). Accordingly, the undersigned concludes that the abuse of the writ doctrine does not apply in this action.[1]

The undersigned has also previously explained that noncitizens who are subject to § 1226(a) are entitled to immediate release when the government fails to provide them with the processes mandated by that statutory provision and its implementing regulations. *See Zurita Navarro*, 2026 WL 2294963, at *2–3. This includes the issuance of a warrant and an initial custody determination prior to or contemporaneously with the noncitizen's arrest. *Id.* Here, there is no evidence before the court that either of these procedures were followed when ICE detained petitioner in January 2026. As such, pursuant to its reasoning set forth in *Zurita Navarro* and incorporated herein, the court concludes that petitioner is entitled to the grating of his petition filed in this case and that the appropriate remedy is an order requiring his immediate release.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release Shiv Vig, A-File No. 246-359-586 from respondent's custody;

---

[1] The court also concludes that waiver of the exhaustion requirement by the court is necessary in this case "to avoid further irreparable harm and further delay in vindicating Petitioner's rights." *Valle Castillo v. Cal. City. Immigr. Processing Ctr.*, No. 1:26-cv-08244-DAD-JDP (HC), 2026 WL 3083858, at *1 (E.D. Cal. Oct. 15, 2026) (citation omitted).

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

c. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;

2. Respondent's motion to dismiss (Doc. No. 8) is DENIED;

3. Petitioner's motion for temporary restraining order (Doc. No. 11) is DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE